**Martha AGER, Appellant,**

v.

**WICHITA GENERAL HOSPITAL, Appellee.**

**No. 2–97–175–CV.**

Court of Appeals of Texas, Fort Worth.

June 4, 1998.

---

Law Office of Dean Sander, Dean Sanders, Wichita Falls, for Appellant.

Sparkman & Davison, L.L.P., D. D'Lyn Davison, Wichita Falls, for Appellee.

Before CAYCE, CJ, and DAUPHINOT and BRIGHAM, JJ.

## OPINION

BRIGHAM, Justice.

In a sole point, Appellant Martha Ager contends the trial court erred by granting a take-nothing summary judgment on her medical malpractice action. Because Appellee Wichita General Hospital established the affirmative defense of sovereign immunity and Appellant failed to prove that her claim fell within the Texas Tort Claims Act, we affirm.

## I. BACKGROUND

On May 5, 1993, Appellant underwent a procedure called Laparoscopic Tubal Fulguration for the purpose of sterilization at the North Texas Surgi–Center. The surgery was performed by Dr. Paul Kinnard. He

indicated in his operative report that Appellant tolerated the surgery well and was taken to the recovery room in good condition at 11:45 a.m. Shortly thereafter, she complained of pain and was given Darvocet N–100. Appellant was discharged at 2:45 p.m.

At 5:08 p.m. the same day, Appellant was taken to Appellee ("the hospital") by ambulance and admitted to the emergency room, complaining of vaginal bleeding and severe abdominal pain. She was admitted to the hospital for observation and treated for vaginal bleeding and hypotension until May 7, 1993. At noon on May 7, Dr. Jerry Myers evaluated Appellant and determined that her symptoms were consistent with a perforated viscus. He performed exploratory surgery on Appellant and discovered and repaired a small bowel perforation. His post-operative diagnosis was that the colon received a small area of blanching during the sterilization procedure where the fulgurating instrument touched the colon, causing a perforated small bowel with extensive peritonitis. Appellant was placed in intensive care after surgery and remained there until May 17, 1993, and was finally released on May 19, 1993 at 2:00 p.m.

Appellant sued Dr. Kinnard, the North Texas Surgi–Center, and Appellee on April 28, 1995. Appellee moved for summary judgment on the grounds that (1) the hospital was immune from suit as a governmental unit, (2) the actions of Dr. Kinnard were not attributable to the hospital as a matter of law, and (3) the hospital exercised ordinary care as a matter of law during its treatment of Appellant. On April 17, 1997, the trial court granted summary judgment for Appellee and simultaneously severed Appellant's cause of action against Appellee from her remaining causes against the other defendants.

## II. SUMMARY JUDGMENT

■ To establish its entitlement to summary judgment, Appellee had the burden to show that no genuine issue of material fact exists and that it was entitled to judgment as a matter of law. See TEX.R. CIV. P. 166a(c); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex.1990). Because Appellee was the defendant in the underlying action, it had the burden of establishing by competent summary judgment proof that, as a matter of law, there was no genuine issue of material fact as to one or more essential elements of Appellant's cause of action or establishing its affirmative defense as a matter of law. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 474 (Tex.1995). Appellee did not bear the burden of disproving all elements of Appellant's claim. *See Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex. 1995). We review the evidence in the light most favorable to the non-movant and accept all of the non-movant's factual assertions as true. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 549 (Tex.1985).

■ Once Appellee established its affirmative defense of sovereign immunity, Appellant assumed the burden of establishing that her claim fell within a legislative waiver of immunity. *See Brand v. Savage,* 920 S.W.2d 672, 673 (Tex.App.—Houston [1 st Dist.] 1995, no writ); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 303 (Tex.App.— Fort Worth 1989, writ denied). Appellant contends that her claim falls within the statutory waiver of immunity found in the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001—101.109 (Vernon 1997). The act provides that a governmental unit may be liable for personal injury and death caused by a condition or use of tangible personal or real property if the governmental unit would be liable to the claimant under Texas law if it were a private person. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2).

## III. WAIVER OF SOVEREIGN IMMUNITY

The facts in this case are undisputed. Appellee established by competent summary judgment proof that it is a governmental entity entitled to sovereign immunity because it is jointly owned by the Wichita County–City of Wichita Falls Hospital Board, a political subdivision of the State of Texas created under the authority of the health and safety code. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 265.001—265.016 (Vernon 1992). On appeal, Appellant does not dispute this status. The trial court granted summary judgment

on the grounds that "there exists no genuine issue of material fact as to [Appellant's] cause of action which requires proof of personal injury proximately caused by the negligent use of tangible personal property." The issue, then, is whether the trial court erred by determining that Appellant's suit does not fall within the statutory waiver of sovereign immunity as a matter of law. In other words, we must determine whether Appellant sufficiently pleaded and proved by competent summary judgment evidence that her injuries were proximately caused by the condition or use of tangible personal property.

■ To properly state a claim under the Texas Tort Claims Act for negligent use of non-defective tangible personal property, Appellant must allege (1) that the property was used or misused by a governmental employee acting within the scope of his or her employment and (2) that the use or misuse of the property was a contributing factor to the injury. *See Salcedo v. El Paso Hosp. Dist.,* 659 S.W.2d 30, 32 (Tex.1983); *Smith v. Tarrant County,* 946 S.W.2d 496, 501 (Tex. App.—Fort Worth 1997, writ denied) (op. on reh'g). The property itself need not be the instrumentality of the harm, but it must have been a contributing factor to the harm. *See Salcedo,* 659 S.W.2d at 32. The act does not provide a waiver of immunity based on the non-use of property. *See Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994).

■ Appellee argues that the court did not err because Appellant failed to sufficiently plead and prove that her complaint fell within the waiver provision of the Texas Tort Claims Act. Appellant asserts that she adequately pleaded and proved the nurses at the hospital negligently used thermometers and stethoscopes, thereby bringing her claim within the waiver provision. Appellant alleged the following in her second amended original petition with regard to Appellee:

Wichita General Services Corporation, a Texas non-profit corporation, as managing entity of the Wichita County–City of Wichita Falls, Texas, Hospital Board d/b/a Wichita General Hospital did not properly diagnose and treat Martha Ager for her acute abdominal condition in a timely fashion, i.e., she was admitted 5–5–93 with severe abdominal pain and was not diagnosed and treated for her acute abdominal condition until 5–7–93 after she was evaluated by Dr. Myers. Antibiotics were not started until 5–7–93.

The nursing staff of Wichita General Hospital failed to recognize symptoms of an acute abdomen and collaborate with the attending physician regarding the need for further medical evaluation, treatment and the probable need for surgical consultation. Such failure resulted from the misuse or condition of tangible or personal property, to-wit, the medical devices used to monitor, assess and care for [Appellant].

Each and every one of the foregoing acts and omissions, taken separately and collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

Appellant also filed a response to Appellee's motion for summary judgment. The response did not add any specific allegations of misuse of property. Appellant attached the affidavit of registered nurse Eva Huge, who made the following assertions:

In this case, the nursing staff failed to meet these standards of practice and misused tangible personal property. In particular, if the equipment and tangible personal property available in any properly equipped health care setting has been properly utilized, (for example, the thermometers and stethoscopes which are used to measure a patient's temperature and listen [in this case] for bowel sounds) the existence of a fever and diminished or absent bowel sounds, taken with Martha's other symptoms, should have led *quickly* to a nursing diagnosis of an acute abdomen.

. . . .

The proper use of thermometers and stethoscope[s] should have indicated fever, lack of or diminished bowel sounds or bowel sounds consistent with this condition and indications of gas in the abdomen.

### IV. APPELLANT'S CAUSE OF ACTION

We turn now to an evaluation of Appellant's claims.

### 1. APPELLANT'S PLEADINGS

Appellant's second amended original petition, set out above, was the live pleading at the time summary judgment was granted. The bare assertion that "Such failure resulted from the misuse or condition of tangible or personal property, to-wit, the medical devices used to monitor, assess and care for Ager" makes no specific allegations that any tangible item or its use was a contributing factor of Appellant's injury. Appellant's petition did not sufficiently plead her cause within the waiver provision. The question, then, becomes whether Appellant's response to the motion for summary judgment and Appellant's attached proof were sufficient to present a fact question on the use or misuse of tangible personal property proximately causing personal injury to Appellant.

### 2. APPELLANT'S SUMMARY JUDGMENT EVIDENCE

Nurse Huge testified in her affidavit supporting Appellant's response that if the appropriate standard of care had been met and typical items such as the thermometers and stethoscopes had been utilized properly, the nurses would have diagnosed an acute abdomen. Appellant's summary judgment proof again wholly fails to show any particular acts or tangible items which were definitely used or misused. The mere allegation that the nurses may have used those items and, if they did, reacted improperly to the information obtained from them is speculation and does not create a fact issue on the element of use or misuse of tangible property. Without proof that a specific act or item of property contributed to injury, there can be no proximate cause.

Therefore, we hold that summary judgment was proper and overrule Appellant's sole point.

### V. CONCLUSION

Because we hold that summary judgment was proper on the basis of sovereign immunity, we affirm the trial court's judgment.