**GAINESVILLE MEMORIAL HOSPITAL, Appellant,**

v.

**Dianna TOMLINSON, Appellee.**

No. 2–01–050–CV.

Court of Appeals of Texas, Fort Worth.

June 14, 2001.

Downs & Stanford, P.C., A. Michelle May, Christine Bishop Karcher, Dallas, for Appellant.

James N. Francis, Robert E. Goodman, Jr., Dallas, for Appellee.

Panel A: DAY, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

In this interlocutory appeal, Appellant Gainesville Memorial Hospital (GMH) appeals from the trial court's order denying its plea to the jurisdiction. In its sole point, GMH alleges that Appellee Dianna Tomlinson's suit is barred by sovereign immunity. We reverse and render the trial court's order on the plea to the jurisdiction.

### FACTUAL AND PROCEDURAL HISTORY

On September 19, 1997, while Tomlinson was a patient at GMH, nurse's aide Clements went to Tomlinson's room to get her out of bed for a shower and a walk. Clements sat Tomlinson at the end of her hospital bed. Tomlinson then fell to the floor and struck her head. Tomlinson filed suit against GMH for the injuries she sustained as a result of the fall.

In her pleadings, Tomlinson asserts GMH waived sovereign immunity under section 101.021(2) of the civil practice and remedies code based on the condition or use of tangible personal property leading to her injuries. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). GMH filed a motion for summary judgment and

a plea to the jurisdiction seeking dismissal of the suit based on sovereign immunity. After a hearing, the trial court denied the motion for summary judgment and plea to the jurisdiction. GMH filed this interlocutory appeal under section 51.014(a)(8) based on the order denying its plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001).

### PLEA TO THE JURISDICTION

■ In its sole point on appeal, GMH argues that the trial court erred in denying its plea to the jurisdiction because Tomlinson's suit is barred by sovereign immunity. Section 51.014(a)(8) provides that an appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. *Id.* In considering an interlocutory appeal from a denial of a plea to the jurisdiction, we are not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying Appellant's plea to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Denton County v. Howard,* 22 S.W.3d 113, 118 (Tex.App.—Fort Worth 2000, no pet.).

■ Under the doctrine of sovereign immunity, the State, its agencies, and its officials are not liable in negligence absent constitutional or statutory provisions granting a waiver of immunity. *Lowe v. Tex. Tech Univ.,* 540 S.W.2d 297, 298 (Tex. 1976). The Texas Tort Claims Act (TTCA) waives sovereign immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). In her suit, Tomlinson claims that sovereign immunity was waived under section 101.021(2) because of the use/misuse of the hospital bed, non-use of the intercom system, use/misuse/non-use of laboratory results, and negligent supervision.

### Hospital Bed

■ First, GMH asserts that Tomlinson's claim that immunity is waived because of the "negligent misuse" of the hospital bed must fail. Specifically, GMH points to Tomlinson's claim that it used the bed in a wrongful manner by allowing her to sit on the bed without supervision in the condition she was in at the time the nurse's aid sat her at the end of the bed. GMH argues that this "misuse" of the bed does not state a waiver of immunity under section 101.021(2) because the bed did no more than furnish the condition that made the injury possible and it did not proximately cause the injury. *Id.* § 101.021(2); *Dallas County Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 342–43 (Tex.), *cert. denied,* 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Therefore, GMH contends that Tomlinson failed to establish a waiver of immunity based on the use of the bed. We agree. If there were to be a waiver of immunity in all cases where some item of personal property is either used or not used, there would be virtually an unrestricted waiver of immunity, which was not the intent of the legislature. *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582, 586 (Tex.1996). Merely asserting that some form of tangible personal property is involved is not sufficient to demonstrate waiver of immunity. *Id.* The misuse of the tangible prop-

erty must have proximately caused the personal injury. *Bossley,* 968 S.W.2d at 342–43. Here, the evidence does not demonstrate that the bed proximately caused Tomlinson's injuries. Therefore, Tomlinson did not demonstrate a waiver of immunity based on the alleged misuse of the bed.

### Intercom System

■ Second, GMH asserts that immunity was not waived because the nurse's aid did "not us[e] the intercom" in Tomlinson's room to "call for assistance to supervise" her or to determine from a nurse if it would be appropriate to get her out of bed. This claim is that the non-use of property waives immunity under the TTCA, which has expressly been rejected. *Clark,* 923 S.W.2d at 584; *Kassen v. Hatley,* 887 S.W.2d 4, 14 (Tex.1994); *Ager v. Wichita Gen. Hosp.,* 977 S.W.2d 658, 661 (Tex. App.—Fort Worth 1998, no pet.). It has been held that the mere non-use of property cannot support a claim under the TTCA. *Clark,* 923 S.W.2d at 584; *Kassen,* 887 S.W.2d at 14; *Ager,* 977 S.W.2d at 661. Therefore, Tomlinson did not demonstrate a waiver of immunity because the nurse's aid failed to use the intercom to call a nurse or anyone else for assistance in tending to her.

### Laboratory Tests

■ Third, GMH argues that Tomlinson's claim regarding the laboratory results does not demonstrate a waiver of immunity. In her pleadings, Tomlinson stated,

In using, misusing, or not using laboratory *results* obtained from blood drawn from Plaintiff by Defendant utilizing medical diagnostic devices so as to know that the Plaintiff's H & H[1] was falling and it was not appropriate to leave her

up and unattended in the condition she was in at the time. [Emphasis added.]

GMH argues that this is an assertion of use or misuse of information which is not tangible property, and therefore, does not state a waiver of immunity. *See Univ. of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 179 (Tex.1994); *Kassen,* 887 S.W.2d at 14; *Amador v. San Antonio State Hosp.,* 993 S.W.2d 253, 255–56 (Tex. App.—San Antonio 1999, pet. denied). Tomlinson's allegation is that GMH used, misused or failed to use laboratory *results.* Laboratory results are not tangible property merely because they are recorded on paper which is tangible. *York,* 871 S.W.2d at 178–79. This constitutes an allegation of use or misuse of information. Information itself is an abstract concept, lacking corporeal, physical, or palpable qualities and, therefore, intangible. *Id.* Because this claim does not demonstrate the use or misuse of tangible personal property, it must fail.

### Negligent Supervision

■ Lastly, GMH argues that Tomlinson's pleadings fail to establish a waiver of immunity for her "negligent supervision" claim. An allegation of negligence in failing to supervise an employee is not a condition or use of tangible property and does not otherwise fall within an area of governmental liability. *McCord v. Mem'l Med. Ctr. Hosp.,* 750 S.W.2d 362, 363 (Tex. App.—Corpus Christi 1988, no writ); *Gonzales v. Lubbock State Sch.,* 487 S.W.2d 815, 817 (Tex.Civ.App.—Amarillo 1972, no writ). Therefore, Tomlinson's assertion of negligent supervision does not state a claim for which the TTCA provides a waiver of immunity. GMH is entitled to immunity on this claim. We sustain GMH's sole point.

---

1. H & H is the abbreviation for Hemoglobin and Hematocrit.

## Conclusion

Having determined that the trial court erred by denying GMH's plea to the jurisdiction based on sovereign immunity, we reverse the trial court's order and render judgment granting the plea to the jurisdiction.