NUMBER
13-01-531-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

LORRAINE MIALE,                                                                Appellant,

 

                                                   v.

 

NUECES COUNTY JUVENILE DEPARTMENT, 

NUECES COUNTY, NUECES COUNTY, 

D/B/A NUECES COUNTY JUVENILE 

DEPARTMENT, JAY RAVELING, AND 

JOE GARCIA, IN THEIR
OFFICIAL CAPACITIES,                       Appellees.

___________________________________________________________________

 

                         On
appeal from the 94th District Court

                                  of
Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

        Before
Chief Justice Valdez and Justices Dorsey and Rodriguez

                                Opinion
by Justice Rodriguez

 








This is an accelerated appeal from the trial court=s order
sustaining appellees= plea to the jurisdiction and dismissing
appellant=s case.[1]  By three issues, appellant, Lorraine Miale (Miale), generally contends
the trial court erred in sustaining the plea to jurisdiction and dismissing her
lawsuit.  We affirm.

Miale was employed with appellee, Nueces County Juvenile Detention Department.[2]  Beginning in April of 1998, Miale made several complaints to her supervisor and
co-workers concerning the behavior of fellow employees.  In July of 1998, Miale
alleged that, as a result of these complaints, Nueces instituted adverse
employment and personnel actions against her in violation of chapter 554 of the
Texas Government Code, commonly referred to as the Texas Whistleblower
Act.  On October 2, 1998, Miale sent a grievance letter to her employer and Nueces
County Judge  Richard Borchard
(Judge Borchard) alleging adverse employment
actions.  In the letter, she complains
the retaliatory actions by Nueces specifically included Areprimands and
shift changes.@  On October 9, 1998, Miale
received a letter from Judge Borchard indicating her
complaints were not covered under the grievance process.  The next business day, October 12, 1998, Miale filed an original petition alleging a cause of action
pursuant to the Texas Whistleblower Act.

 








                                              I.  Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is Ato defeat a
cause of action without regard to whether the claims have merit.@  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The plea challenges the trial
court=s authority to
determine the subject matter of a pleaded cause of action.  City of Midland v. Sullivan, 33
S.W.3d 1, 6 (Tex. App.BEl Paso 2000,
pet. dism=d w.o.j.); State v. Benavides, 772 S.W.2d 271, 273
(Tex. App.BCorpus Christi
1989, writ denied).

We review a trial court=s ruling on a
plea to the jurisdiction de novo because subject matter jurisdiction is
a question of law. City of Fort Worth v. Robles, 51 S.W.3d 436, 439
(Tex. App.BFort Worth
2001, pet. denied); Gainesville Mem. Hosp. v.
Tomlinson, 48 S.W.3d 511, 513 (Tex. App.BFort Worth 2001, pet. denied); see
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  In determining whether jurisdiction exists,
we look to the allegations in the pleadings, accept them as true, and construe
them in favor of the pleader.  Met-Rx
USA, Inc. v. Shipman, 62 S.W.3d 807, 810 (Tex. App.BWaco 2001, pet.
denied); Robles, 51 S.W.3d at 439. 
We also consider evidence necessary to resolve the jurisdictional issues
raised.  Blue, 34 S.W.3d at 555; Shipman,
62 S.W.3d at 810; Baston v. City of Port
Isabel, 49 S.W.3d 425, 427 n.2 (Tex. App.BCorpus Christi 2001, pet. denied).

II.  Compliance with the
Whistleblower Act

By her second issue, Miale contends
the court erred in granting Nueces= plea to the
jurisdiction on the basis that she failed to exhaust the administrative process
prior to filing suit under the Whistleblower Act.  








In its plea to the jurisdiction, Nueces argued that the trial
court lacked subject matter jurisdiction because Miale
did not follow proper grievance and appeal procedures as required under section
554.006 of the government code.[3]  In support, Nueces attached a copy of the
Nueces County Personnel Manual (Manual). 
Because Aa court
deciding a plea to jurisdiction is not required to look solely to the pleadings
but may consider evidence and must do so when necessary to resolve the
jurisdictional issue raised,@ we will also
review the Manual to determine whether Miale followed
the County=s grievance and
appeal procedures.  Blue, 34
S.W.3d at 555; see Shipman, 62 S.W.3d at 810.

A.  Grievance Procedure








In Miale=s petition, she
alleges Nueces instituted adverse personnel actions against her on July 15,
1998, by transferring her involuntarily to a different job location and
changing her shift.  The Manual requires
that an employee initiate a grievance procedure within seven calendar days of
receipt of the notice of transfer.  An
employee must first verbally discuss the grievance with her immediate
supervisor, and inform the supervisor that she is taking the first step of the
grievance process.[4]  The supervisor then has five calendar days to
respond orally.  If the grievance is not
settled, the employee must then send written notice of her grievance to the
department head.  This must be done no
later than seven calendar days after the employee receives the oral response
from her supervisor.  The department head
must respond to the written grievance within five working days.  If the grievance is still not resolved, the
employee must forward the written grievance and answer from the department head
to the personnel office, or the Civil Service Commission, within five calendar
days of receiving the department head=s answer.

B.  Analysis

The Whistleblower Act requires an employee to initiate each
step of the grievance procedure before suit can be filed.  See Tex.
Gov=t Code Ann. ' 554.006(a)
(Vernon Supp. 2002); Johnson v. City
of Dublin,
46 S.W.3d 401, 405 (Tex. App.BEastland 2001,
pet. denied); City of San Antonio v. Marin, 19 S.W.3d 438, 440 n.2 (Tex.
App.BSan Antonio
2000, no pet.).  This gives the employer
the opportunity to correct its errors by resolving any disputes before being
subjected to the expense and effort of litigation.  Johnson, 46 S.W.3d at 405 (citing Marin,
19 S.W.3d at 441); City of Houston v. Cotton, 31 S.W.3d 823, 824
(Tex. App.BHouston [1st Dist.]
2000, pet. denied).








According to Miale=s petition, she
did not initiate any grievance until October 2, 1998.  Her grievance was initiated by a written
letter addressed to Nueces and Judge Borchard.  The letter stated she was filing a Agrievance in
regards to employment actions taken against me which include reprimands and
shift changes and which I believe were caused by my reporting actions of my
co-workers.@  Not only did Miale
fail to begin the grievance procedure by verbally communicating the grievance
to her immediate supervisor, but she failed to follow any of the procedural
steps in the Manual=s grievance
procedure.  Furthermore, the grievance
was filed over two months after the alleged grievance occurred.  We find that Miale
failed to properly initiate the grievance procedure.[5]

Because Miale failed to satisfy the
mandatory statutory prerequisites to filing suit under the Whistleblower Act,
the trial court lacked jurisdiction.  Johnson,
46 S.W.3d at 405; see Cotton, 31 S.W.3d at 824.  Therefore, the trial court properly sustained
Nueces= plea to the
jurisdiction and dismissed Miale=s case.[6]   Miale=s second issue
is overruled.[7]

Accordingly, the trial court=s judgment is affirmed.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 2nd day of May,
2002.

 











[1]This
is an interlocutory accelerated appeal, authorized pursuant to section
51.014(8) of the Texas Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (Vernon Supp. 2002).





[2]Appellees,
Nueces County Juvenile Department, Nueces County, Nueces County d/b/a Nueces
County Juvenile Department, and Jay Reveling and Joe Garcia, in their official
capacities, will be collectively referred to as ANueces.@





[3]Under
section 554.006 of the Texas Government Code, an employee must initiate action
under the grievance or appeal procedures of the employing entity prior to
filing suit. See Tex. Gov=t Code Ann. '
554.006(a) (Vernon Supp. 2002). 





[4]The
grievance procedure applies to suspensions, demotions, terminations, transfers,
and Aemployees . . .
who allege unlawful discrimination, or who allege knowledge of a violation of
any policy that unfairly affects their employment status.@





[5]Although
Miale alleges other adverse personnel actions, we
find Miale did not initiate the grievance procedure
as to any of them.  See Tex. Gov=t Code Ann. '
554.006(a) (Vernon Supp. 2002); Johnson v. City of Dublin, 46 S.W.3d
401, 405 (Tex. App.BEastland 2001,
pet. denied). 





[6]See
generally Am. Motorists Ins. Co. v. Fodge,
63 S.W.3d 801, 805 (Tex. 2001) (if a claim is not within a court=s
jurisdiction, and the impediment cannot be removed, then it must be dismissed);
Speer v. Stover, 685 S.W.2d 22, 23 (Tex. 1985) (per curiam)
(sustaining a plea to the jurisdiction requires dismissal).





[7]Because
of our disposition of Miale=s
second issue, we need not address her first and third issues.  See Tex.
R. App. P. 47.1