**SPINDLETOP MHMR CENTER,**
Appellant,

v.

**Barbara BEAUCHAMP, on Behalf of
Alissa HUMPHREY, Appellee.**

No. 09–03–382 CV.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 4, 2004.

Decided Feb. 26, 2004.

Kevin D. Jewell, William S. Helfand, Barbara E. Roberts, Magenheim, Bateman & Helfand, P.L.L.C., Houston, for appellant.

Clay Dugas, Mike Jacobellis, Clay Dugas & Associates, P.C., Beaumont, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Barbara Beauchamp filed suit as legal guardian on behalf of Alissa Humphrey for personal injuries Humphrey sustained during her residency at Spindletop MHMR Center. The trial court denied a plea to the jurisdiction filed by Spindletop. The issue is whether governmental immunity from suit has been waived. Specifically, we are asked whether a claim that bed sores were caused by a bed and other property, including "ulcer preventing devices," involves an injury caused by a "use" of tangible personal property within the meaning of section 101.021(2) of the Texas Tort Claims Act.

 Governmental immunity bars suit against a governmental unit unless the State expressly consents to the suit. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999).[1] Absent the State's con-

---

1. Although Beauchamp pleaded that Spindletop is not a governmental entity, the trial court determined it is. The Texas Legislature enacted provisions transferring certain state property from the Texas Department of Mental Health and Mental Retardation ("MHMR") to Spindletop. The transferred property was the site of the Beaumont State Center, formerly a branch of MHMR. *See* Act of May 21, 2001, 77th Leg., R.S., ch. 507, § 1,

2001 Tex. Gen. Laws 963, 964. *See also* former Tex. Health & Safety Code Ann. § 532.001(b)(24) (Vernon 1992). The record includes a document issued by MHMR certifying that, as of March 2, 2001, Spindletop was recognized as a "Community Mental Health and Mental Retardation Center." The trial court ruled that, as a "community center," Spindletop is a "governmental unit." *See* Tex. Health & Safety Code Ann. § 534.001(b)(1)

sent to suit, a trial court lacks subject matter jurisdiction. *Id.* The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). We review the trial court's decision to grant or deny a plea to the jurisdiction de novo. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).

In deciding a plea to the jurisdiction, a court considers the plaintiff's pleadings and the evidence offered by the parties relevant to the jurisdictional issue. *Texas Natural Resource Conservation Comm'n v. White,* 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist.,* 34 S.W.3d at 554–55. We are to construe the pleadings liberally. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993); *Peek v. Equipment Serv. Co. of San Antonio,* 779 S.W.2d 802, 804–05 (Tex.1989). If the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue may be one of pleading sufficiency, and the plaintiff may be afforded the opportunity to amend. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002) (citing to *Peek,* 779 S.W.2d at 804–05; *Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 9–10 (Tex. 1974)). But if the plaintiff's pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction should be granted. *County of Cameron,* 80 S.W.3d at 555.

Beauchamp's pleadings include the following allegations:

Specifically, the injuries in this case, decubitus ulcers, were caused by the negligent use of the bed and bedding, mattresses, garments, and ulcer pre-venting devises such as orthotic boots, cushions, and pillows.

Further into Beauchamp's pleadings is this allegation:

Defendant failed to assess, treat and monitor Alisa Humphrey's susceptibility to skin breakdown as a result of the use of her medical equipment, including bed, wheelchair, and mattress, and as a result, Alissa Humphrey, while under the care and control of Spindletop MHMR, developed a Stage IV decubitus ulcer on her buttock, which required hospitalization and ultimately surgical intervention. Because of Defendant's severe abuse and extreme neglect, Alissa Humphrey suffered severe injuries and damages.

The Texas Tort Claims Act provides a waiver of immunity under limited circumstances. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025 (Vernon 1997). Section 101.025(a) provides that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter." To sue a governmental unit for a tort, the pleadings must state a claim under the Act; merely referencing the Act is not enough. *Texas Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001); *Jones,* 8 S.W.3d at 639. The plaintiff must show in what manner the Act waives the government's immunity from suit. *Miller,* 51 S.W.3d at 587; *Lacy v. Rusk State Hosp.,* 31 S.W.3d 625, 629 (Tex. App.-Tyler 2000, no pet.).

Section 101.021 of the Act provides:

A governmental unit in the state is liable for:

---

(Vernon Supp.2004). Appellant says that issue is no longer contested by Beauchamp, but Beauchamp disagrees and says Spindletop did not prove it was a governmental unit. We see no basis for overturning the trial court's determination that Spindletop meets the statutory definition of a governmental unit.

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

 (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

 (B) the employee would be personally liable to the claimant according to Texas law; and [2]

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

The trial court below based its jurisdiction on the "use" of tangible personal property provision in section 101.021(2). "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Miller*, 51 S.W.3d at 588. Claims alleging the failure to use, or the non-use of property, or alleging errors in medical judgment, are not within the waiver of immunity. *Id.* at 587–88.

■ Although the "use" requirement of section 101.021(2) is not always easily applied, it is intended to be a real limit on the waiver of immunity. *See San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (2004) ("As difficult as the restriction has been to construe, it was clearly intended as a real limit on the waiver of sovereign immunity.") (footnotes omitted). The scope of the limitation has developed over the years as courts have struggled with the statute.[3] In *Robinson v. Central Tex.*

*Mental Health and Mental Retardation Ctr.*, 780 S.W.2d 169 (Tex.1989) the Court held that providing some equipment for swimming, but no life preserver, was a use; in *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976), providing some football equipment but no knee brace was held to be a use; and in *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528 (Tex. 1975), a lack of rails on a hospital bed was considered a use. *See also Hampton v. University of Texas*, 6 S.W.3d 627 (Tex. App.-Houston [1st Dist.] 1999, no writ) (hospital bed which did not have rails raised or alarm activated). But the Texas Supreme Court held in *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex. 1996), that the precedential value of *Lowe* and *Robinson* is "limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries." And in *Cowan*, 128 S.W.3d at 246, a case involving a patient's use of suspenders and part of a walker to commit suicide, the Court held that "[a] governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more." The Court distinguished the "use" of the hospital bed in *Overton* as follows: "The hospital [in *Overton*] did not merely allow the patient access to the bed; it actually put the patient in the bed as part of his treatment." *Id.* at 247.

In *Miller*, 51 S.W.3d at 588–89, the Supreme Court held a claim that a governmental unit misused medication, masking the symptoms of meningitis and causing an inmate's death, was not within the statuto-

---

**2.** Read "and" as "or;" (1) and (2) are separate liability provisions.

**3.** In *Miller*, 51 S.W.3d at 589, the Texas Supreme Court wrote: "For many years, this Court and its justices have expressed their frustration in trying to draw principled boundaries between 'use' and 'non-use'. (citations omitted). Despite these writings, the Legislature has made no change in this language."

ry waiver of immunity. The TDJC used drugs while treating the inmate, "but that some property is merely involved is not enough." *Id.* at 588 (citing *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 342 (Tex.1998)). The Court explained that "[u]sing that property must have actually caused the injury." *Miller*, 51 S.W.3d at 588. Plaintiffs' claim was "in essence an allegation only of negligence, not of 'use' of tangible personal property that 'caused' injury." *Id.*

In *Gainesville Memorial Hosp. v. Tomlinson*, 48 S.W.3d 511 (Tex.App.-Fort Worth 2001, pet. denied), a patient at Gainesville Memorial Hospital was being assisted by a nurse's aide. *Id.* at 512. The aide sat the patient at the end of her hospital bed. *Id.* The patient then fell to the floor and struck her head. *Id.* She filed suit alleging that the "negligent misuse" of the hospital bed by the nurse's aide in allowing her to sit unsupervised on the bed, in the condition she was in, caused the injuries. *Id.* at 512–13. The trial court denied the hospital's plea to the jurisdiction. *Id.* at 513. The Fort Worth Court of Appeals reversed, finding that the "misuse of the bed" allegation did not state a waiver of sovereign immunity. The court stated "[m]erely asserting that some form of tangible personal property is involved is not sufficient to demonstrate waiver of immunity." *Id.* at 513. The bed did no more than furnish the condition that made the injury possible, and did not proximately cause the injury. *Id.*

■ Beauchamp has not pleaded facts sufficient to establish the trial court's jurisdiction. Section 101.021(2) waives immunity for injury "so caused by a condition or use of tangible personal property." Plaintiff makes no allegations in this case attacking the condition of the bed and the other named equipment, that is, that the property was defective or lacked an integral safety feature. Non-use of "ulcer preventing devices" is not use of tangible personal property within the statutory waiver, and allegations of negligent care are not sufficient to establish waiver of immunity. *See Miller*, 51 S.W.3d at 587–88; *Lacy*, 31 S.W.3d at 630. As in *Tomlinson*, the property "used" by Spindletop, the bed and the wheelchair, furnished the condition which made the injury possible. But providing Humphrey a bed and a wheelchair are not the acts that are alleged to have caused injury. Rather the pleadings assert a failure to "assess, treat and monitor" her condition as the cause of her injury. The Legislature has not waived immunity to suit for that alleged tort.

Plaintiff also relied on Section 101.021(1), asserting the bed was "motor-driven equipment." The trial court did not base its decision on this ground, but this allegation also does not meet the causation requirement, that the injury be caused by "the operation or use" of the equipment.

We reverse the trial court's order, and render judgment dismissing the claim for lack of subject matter jurisdiction.

REVERSED AND RENDERED.

BURGESS, Justice, filed a dissenting opinion.

DON BURGESS, Justice, dissenting.

I respectfully dissent. I believe this case is more like *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297 (Tex.1976), than any of the cases relied upon by the majority. I acknowledge the language in *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584–85 (Tex.1996):

In *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976), Lowe alleged that he injured his knee while playing football for the university. The

injury allegedly occurred when a coach ordered him to remove his knee brace, worn because of a previous knee injury, and reenter a game without it. *Id.* at 302 (Greenhill, C.J., concurring). This Court concluded that the knee brace was as integral a part of Lowe's uniform as his helmet or shoulder pads. *Id.* at 300. The Court therefore held that the State waived immunity by providing Lowe with a football uniform that was defective due to its lack of a knee brace. *Id.*

This rationale was also applied to invoke the Act's waiver provisions in *Robinson v. Central Texas MHMR Center,* 780 S.W.2d 169, 171 (Tex.1989). In *Robinson,* MHMR took several patients, including Robinson, swimming. *Id.* at 169. The employees of MHMR knew that Robinson was epileptic and occasionally suffered seizures, causing him to lose consciousness. *Id.* MHMR and its employees, however, failed to provide Robinson with a life preserver, and he subsequently drowned. *Id.* This Court concluded that "[a] life preserver was just as much a part of Robinson's swimming attire as the knee brace was part of the uniform in *Lowe.*" *Id.* at 171. The Court therefore held that MHMR waived its immunity. *Id.*

These cases represent perhaps the outer bounds of what we have defined as use of tangible personal property. We did not intend, in deciding these cases, to allow both use and non-use of property to result in waiver of immunity under the Act. Such a result would be tantamount to abolishing governmental immunity, contrary to the limited waiver the Legislature clearly intended. The precedential value of these cases is therefore limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries. For example, if a hospital provided a patient with a bed lacking bed rails and the lack of this protective equipment led to the patient's injury, the Act's waiver provisions would be implicated. *Lowe,* 540 S.W.2d at 300.

Here the employees of Spindletop MHMR Center knew Ms. Humphrey had developed an ulcer on her buttock. Placing her in the bed without the appropriate padding or other ulcer preventing devices was akin to putting the football player on the field without the brace, Lowe, or placing the epileptic swimmer in the pool without the life preserver, Robinson.

I do not believe the trial court abused its discretion in denying the plea to the jurisdiction. The trial court should be affirmed.