# NO. 12-23-00204-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MELISSA BROWN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS AND TEXAS*<br>*DEPARTMENT OF HEALTH AND*<br>*HUMAN SERVICES,*<br>*APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Melissa Brown appeals the trial court's judgment granting the plea to the jurisdiction filed by Appellees, The State of Texas (the State) and Texas Health and Human Services Commission (HHSC),[1] and dismissing her claims with prejudice. In her sole issue, Brown contends the trial court erred by granting the plea to the jurisdiction. We affirm.

## BACKGROUND

Brown is an African American female and a former employee of HHSC.[2] Brown initially worked for HHSC from 1987 until she voluntarily resigned in 1996. Brown filed suit against HHSC in 1999 "after repeatedly attempting to reapply for re-employment . . . for her previous positions or positions for which she was qualified and [being] denied the opportunity to participate in the interview process." The parties reached a mediated settlement agreement (MSA), and HHSC

---

[1] Appellees assert that Brown's petition misnamed Texas Health and Human Services Commission as "Texas Department of Health and Human Services." We will refer to said agency as "HHSC."

[2] Brown was employed with HHSC when she filed suit, but the record indicates that she subsequently retired.

ultimately rehired Brown in 2000.

In January 2020, Brown filed a charge with the Texas Workforce Commission Civil Rights Division, in which she alleged that after filing her complaint of discrimination in approximately 2000, she was "subjected to retaliation" because her leave requests were not approved, she was denied promotions and merit increases, and she was "subjected to different terms and conditions of employment." On April 27, 2020, Brown sued the State and HHSC, asserting claims for (1) retaliation and racial discrimination in violation of the Texas Commission on Human Rights Act (TCHRA) and (2) mishandling of her requests to use paid leave and her applications for other jobs at HHSC pursuant to the Texas Tort Claims Act (TTCA). Specifically, Brown alleged that in 2019, although she "consistently met or exceeded her job performance requirements[,]" she was twice denied the opportunity to interview for positions within HHSC for which she submitted applications. Brown also contended that although she was entitled to paid leave and properly requested to use such leave, her supervisor "repeatedly denied" her requests while granting leave to other employees or required her to follow procedures for requesting leave that "other employees were not required to satisfy." Brown pleaded that (1) an unidentified employee who is not African American was granted leave on the first Monday of each month, and (2) although other unidentified employees were permitted to use leave during the Christmas holidays in 2017, 2018, and 2019, Brown's requests to use paid leave were denied in each of those years. Moreover, Brown contended that since her reinstatement, she did not receive merit-based pay increases "that she would have otherwise received but for her complaint in 1999."

With respect to her TCHRA claim, Brown asserted that HHSC (1) refused to comply with the terms of the MSA, (2) refused to grant her paid leave in retaliation for her 1999 lawsuit, (3) refused to grant her leave pursuant to HHSC's policies, (4) refused to grant Brown interviews for other positions with HHSC, (5) refused to approve Brown for advancement into other positions with HHSC, (6) refused to grant her a performance bonus, (7) required her to work in an area that harmed her physical and mental health, (8) required her to engage in "improper 'cross-over' job functions between separate government entities, (9) required her to work in facilities in violation of emergency Covid-19 orders, and (10) required her to work "in facilities in violation" of HHSC's Covid-19 policies. With respect to her TTCA claim, Brown contended that HHSC negligently handled her applications for leave and applications for employment opportunities. Brown

maintained that her requests to use paid leave and her employment applications constitute "tangible personal property," the negligent handling of which is actionable under the TTCA.

Appellees filed a plea to the jurisdiction, in which they argued that the trial court lacks subject matter jurisdiction because, among other things, (1) Brown's negligence claim does not fall within the TTCA's limited waiver of immunity, (2) HHSC is immune from Brown's claim for breach of the MSA, (3) Brown failed to state a prima facie claim for retaliation, and (4) the State is not Brown's employer pursuant to the TCHRA. Brown filed a response, and the trial court ultimately granted Appellees' plea to the jurisdiction.[3] This appeal followed.

### STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a plea to the jurisdiction using a de novo standard of review. *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We liberally construe the pleadings in the plaintiff's favor and take all factual assertions as true. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). When a governmental entity asserts immunity from suit, the plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). In determining whether a plaintiff's claims are barred by immunity, we look to the substance of the claims alleged because a plaintiff's artful pleading cannot circumvent governmental immunity. *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 513 (Tex. 2019).

A plea to the jurisdiction is a dilatory plea intended to defeat an action without regard to the merits of the asserted claims; that is, a plea to the jurisdiction typically challenges whether the plaintiff alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *City of San Antonio v. Vasquez,* 340 S.W.3d 844, 847(Tex. App.—San Antonio 2011, no pet.). However, a plea to the jurisdiction "can also properly challenge the *existence* of those very jurisdictional facts." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). Therefore, a court deciding a plea to the jurisdiction "may consider evidence and must do so when necessary to resolve the jurisdictional issues raised[,]" even if such evidence implicates both the trial court's subject matter jurisdiction

---

[3] In their plea to the jurisdiction, Appellees also alleged that Brown failed to timely file suit; however, on appeal, Appellees concede that Brown timely filed suit.

and the merits of the case. *Blue*, 34 S.W.3d at 555; *see Garcia*, 372 S.W.3d at 635. In suits against governmental employers, "the prima facie case implicates both the merits of the claim *and* the court's jurisdiction because of the doctrine of sovereign immunity." *Garcia*, 372 S.W.3d at 635-36.

Under Texas law, sovereign immunity deprives a trial court of subject matter jurisdiction over lawsuits against state agencies unless the Legislature waived such immunity. *Miranda*, 133 S.W.3d at 224. The TCHRA provides a limited waiver of sovereign immunity for claims of discrimination and retaliation, but the waiver extends only to suits in which "the plaintiff actually alleges a violation of the TCHRA by pleading facts that state a claim thereunder." *Garcia*, 372 S.W.3d at 636; *see Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 504 (Tex. 2012). Absent a pleading that sets forth a prima facie case, sovereign immunity is not waived. *Garcia*, 372 S.W.3d at 637. The TTCA also contains a limited waiver of immunity. *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). The TTCA provides that a governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (West 2019).

Because direct evidence of retaliation is rare, courts permit retaliation claims to proceed based on indirect or circumstantial evidence. *Rose v. Houston Indep. Sch. Dist.*, No. 14-16-00687-CV, 2017 WL 4697889, at *4 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.). Therefore, if a plaintiff meets his initial burden of establishing a prima facie case, Texas courts apply the burden shifting mechanism set forth by the United States Supreme Court in *McDonnell Douglas*. *Garcia*, 372 S.W.3d at 634 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-26, 36 L. Ed. 2d 668 (1973)); *see Rose*, 2017 WL 4697889, at *4. A prima facie case "'raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Garcia*, 372 S.W.3d at 634 (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 98 S. Ct. 2943, 2949-50, 57 L. Ed. 2d 957 (1978)).

## Analysis

In her appellate brief, Brown challenges the granting of the plea to the jurisdiction only as to her claims for (1) retaliation under the TCHRA and (2) negligence under the TTCA in handling her applications for advancement into higher-paying positions that became available within

[HHSC]" and her requests to use paid leave. Additionally, Brown's brief does not mention or provide authorities supporting her claim regarding allegedly being required to work in areas that harmed her health or violated Covid-19 emergency orders. Because Brown's brief does not address or provide supporting authorities regarding her claims of racial discrimination, alleged violations of Covid-19 emergency orders, or requirements that she work in harmful areas, we conclude that she waived appellate review as to those claims. *See* TEX. R. APP. P. 33.1(a), 38.1(i).

We now turn to Brown's TTCA claim against HHSC for allegedly negligently handling her job applications and requests to use paid time off. As mentioned above, Brown asserts that the TTCA waived sovereign immunity as to her claims pertaining to alleged mishandling of her job applications and requests to use paid time off because HHSC's action or inaction regarding her applications and requests constituted a "use" of tangible personal property under the TTCA. Brown argues that her applications and requests, and not merely the information contained therein, constituted "tangible personal property" under Section 101.021 of the TTCA, and she contends the mishandling of her applications and requests led to her injury. We disagree.

For purposes of the TTCA, "tangible personal property refers to something that has a corporeal, concrete, and palpable existence." *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 178 (Tex. 1994). "Allegations of mere non-use of property cannot support a 'use' claim under the [TTCA]." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 389 (Tex. 2016). Additionally, "mere involvement of tangible personal property in an injury will not, in and of itself, waive liability." *Tex. Tech Univ. Health Sci. Ctr. v. Jackson*, 354 S.W.3d 879, 884 (Tex. App.—El Paso 2011, no pet.). The tangible personal property must do more than merely furnish the condition that makes the injury possible; rather, "[a] plaintiff must show that the tangible personal property was the instrumentality of harm." *Id*. "The Texas Supreme Court distinguishes between tangible property that is itself the instrument of harm, and tangible property that merely conveys information in a written form." *Univ. of Tex. Health Sci. Ctr. at Houston v. Dickerson*, No. 14-13-00232-CV, 2014 WL 708521, at *4 (Tex. App.—Houston [14th Dist.] Feb. 20, 2014, no pet.) (mem. op.) (citing *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994)). In *York*, the Texas Supreme Court concluded that although paper can be touched, handled, and seen, information is intangible, and intangible medical information recorded on paper or by a medical device does not constitute tangible personal property. *York*, 871 S.W.2d at 179; *see Dickerson*, 2014 WL 708521, at *5.

In support of her argument regarding the TTCA's limited waiver of immunity, Brown cites several cases. *See Tex. Dep't of Mental Health and Mental Retardation v. Petty*, 848 S.W.2d 680, 685 (Tex. 1992) (finding immunity waived when incorrect diagnosis based upon information in medical records led to plaintiff's confinement in mental institutions); *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 32-33 (Tex. 1983) (concluding that immunity was waived in wrongful death action because hospital's misreading of graphs and charts produced by electrocardiographic equipment constituted use of tangible property); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298, 300 (Tex. 1976) (holding immunity was waived when football player sued state university for personal injuries because university's furnishing of defective equipment constituted use of tangible property). Because *Petty*, *Salcedo*, and *Lowe* were decided before *York*, their precedential value is limited. *See York*, 871 S.W.2d at 176-77 (noting that plurality opinion in *Petty* "has very limited precedential value and would control the result only in identical cases."); *Dickerson*, 2014 WL 708521, at *5 (determining that holding in *Salcedo* "is now limited to its facts."); *Spindletop MHMR Ctr. v. Beauchamp*, 130 S.W.3d 368, 371 (Tex. App.—Beaumont 2004, pet. denied) (quoting *Kerrville State Hosp. v. Clark*, 923 S.W.2d 585, 585 (Tex. 1996)) (noting that Texas Supreme Court determined that precedential value of *Lowe* is limited to claims in which plaintiff alleges state actor provided property that lacks integral safety component and lack of integral component led to plaintiff's injuries).

The gravamen of Brown's negligence claim is the alleged mishandling of her job applications and requests to use paid leave. By their nature, job applications and requests to use paid leave consist of intangible information, such as the applicant's name and contact information, experience, qualifications, the position sought, the dates for which leave is requested, and the type of leave the employee wishes to use. Regardless of whether job applications and requests to use paid leave are completed electronically or on paper, we conclude that they do not constitute "tangible property" under Section 101.021(2) of the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Moreover, Brown does not contend that the applications or requests constituted the instrumentality that caused her alleged injury; rather, she complains of HHSC's failure to act or erroneous action upon her applications and requests, and we conclude that such claims do not fall within the limited waiver of immunity provided in Section 101.021(2) of the TTCA. *See McKenzie*, 578 S.W.3d at 513; *Sampson*, 500 S.W.3d at 389; *York*, 871 S.W.2d at

6

179; ***Dickerson***, 2014 WL 708521, at \*4-5; ***Jackson***, 354 S.W.3d at 884; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2).

We now turn to Brown's claim for retaliation under the TCHRA. As discussed above, the TCHRA's limited waiver of sovereign immunity extends only to suits in which the plaintiff actually alleged a violation of the TCHRA by pleading facts that state a claim thereunder, and absent a pleading that sets forth a prima facie case, sovereign immunity is not waived. ***Garcia***, 372 S.W.3d at 636-37; *see also* ***Chatha***, 381 S.W.3d at 504. Therefore, we must determine whether Brown stated a prima facie case for her claim of retaliation.

The TCHRA prohibits employers from retaliating or discriminating against employees for engaging in protected activities, including opposing a discriminatory practice, making or filing a charge, filing a complaint, or testifying, assisting, or participating "in any manner in an investigation, proceeding, or hearing." Tex. Lab. Code Ann. § 21.055 (West 2021). In retaliation cases brought under the TCHRA, Texas jurisprudence parallels federal jurisprudence construing and applying equivalent federal statutes, such as Title VII. ***Tex. Dep't of Transp. v. Lara***, 625 S.W.3d 46, 58 (Tex. 2021). To establish a prima facie case of retaliation under the TCHRA, a plaintiff must show that (1) she engaged in a protected activity, (2) she experienced a material adverse employment action, and (3) a causal connection exists between her protected activity and the adverse action. ***Alamo Heights Indep. Sch. Dist. v. Clark***, 544 S.W.3d 755, 782 (Tex. 2018); ***Donaldson v. Tex. Dep't of Aging and Disability Servs.***, 495 S.W.3d 421, 441 (Tex. App.— Houston [1st Dist.] 2016, pet. denied). An employment action is materially adverse if it might dissuade a reasonable worker from making or supporting a charge of discrimination. ***Clark***, 544 S.W.3d at 788. However, the TCHRA addresses only ultimate employment decisions. ***Anderson v. Houston Cmty. Coll. Sys.***, 458 S.W.3d 633, 644 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Adverse ultimate employment actions generally involve hiring, granting leave, discharging, promoting, and compensating employees. ***City of Passadena v. Poulos***, No. 01-22-00676-CV, 2023 WL 7134974, at \*10 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.) (citing ***Anderson***, 458 S.W.3d at 644). To state a prima facie case, a plaintiff must show a minimal causal link between the protected activity and the adverse action, and temporal proximity between the activity and the adverse action may state a prima facie case as to causation. ***Clark***, 544 S.W.3d at 789-90.

Brown does not assert that Appellees failed to allow her to earn and accrue paid time off in the same manner as other employees; rather, she complains of the denial of her request to use such time. Although the granting of paid time off is an employment action that may constitute an adverse employment action because it is part of an employee's compensation, an employer's refusal of an employee's request to use such accrued paid leave does not affect an employee's compensation and is not an adverse employment action. *Poulos*, 2023 WL 7134974, at *11; *Craven v. Gonzalez*, No. Civ. A 4:05-CV-00709, 2006 WL 133477, at *8 (S.D. Tex. Jan. 17, 2006) (mem. op.). Therefore, we conclude that Brown failed to establish a prima facie case as to those retaliation claims.

We now turn to Brown's retaliation claims that concern HHSC's alleged failure to consider her for advancement, alleged denial of merit increases, and alleged failure to comply with the MSA. Assuming without deciding that HHSC took adverse employment action against Brown by failing to consider her for other positions for which she applied, failing to provide merit increases, and failing to comply with the MSA, to state a prima facie case for retaliation as to these claims, Brown was required to offer evidence of a causal connection between her protected activity and the adverse action. *See Clark,* 544 S.W.3d at 789-91, *Poulos*, 2023 WL 7134974, at *10; *Rose*, 2017 WL 4697889, at *7. Circumstantial evidence sufficient to establish a causal link between a protected activity and an adverse employment decision may include (1) the employer's failure to follow its usual policies and procedures in carrying out the challenged employment actions, (2) discriminatory treatment compared to similarly situated employees, (3) knowledge of the discrimination charge by those making the adverse employment decision, (4) evidence that the stated reason for the adverse employment decision was false, and (5) temporal proximity between the employee's conduct and the adverse employment action. *Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 494 (Tex. App.—Dallas 2013, no pet.). "Temporal proximity is relevant to causation when it is 'very close.'" *Clark,* 544 S.W.3d at 790 (citing *Strong v. Univ. Healthcare Sys., L.L.C.*, 483 F.3d 802, 808 (5th Cir. 2007)).

Brown provided no evidence that HHSC failed to follow its usual policies and procedures or failed to specifically identify similarly situated employees. *See Crutcher*, 410 S.W.3d at 494. Additionally, Brown does not identify the decisionmakers regarding her job applications and merit increases, and the record contains no evidence that the decisionmakers regarding merit increases or her 2019 job applications were aware of her protected activity in 1999. *See Rose*, 2017 WL

8

4697889, at *7. We conclude that the approximately twenty-year time span between Brown's 1999 protected activity and HHSC's failure to consider Brown's 2019 applications is too great to establish a causal connection. *See Clark*, 544 S.W.3d 790 (concluding that eight-month gap between filing of charge with EEOC and employer's termination recommendation "is so long as to be of little, if any, probative value"); *Rose*, 2017 WL 4697889, at *7 (concluding that timespan between protected activity in 2010 and employer's failure to hire plaintiff in 2013 "is too long to establish that there was a causal connection."). We further conclude that the lack of a causal link between Brown's 1999 protected activity and HHSC's failure to consider her for advancement or merit increases is fatal to Brown's prima facie case, and she is not entitled to a presumption of retaliation. *See Rose*, 2017 WL 4697889, at *7. As was the case in *Rose*, Brown's argument consists of her subjective opinion, and her belief or opinion regarding the motivation for the alleged adverse employment action does not suffice. *See id*. at *8. Moreover, Brown cites no authorities supporting her argument that an alleged breach of the MSA constitutes an adverse employment action. *See* TEX. R. APP.P. 38.1 (i). For all these reasons, we conclude that Brown failed to meet her burden of establishing a prima facie case of retaliation, and the trial court therefore lacked subject matter jurisdiction over her retaliation claim. *See Garcia*, 372 S.W.3d at 636; *Rose*, 2017 WL 4697889, at *7-8.

Lastly, we note that the TCHRA defines a governmental "employer" as "a county, municipality, state agency, or state instrumentality[.]" TEX. LAB. CODE ANN. § 21.002(8)(D) (West 2021). The State itself does not fit the definition of "employer" under the TCHRA. *See id*. In addition, as set forth above, the TTCA provides that a "governmental unit" is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Having already concluded that Brown's negligence claim against HHSC does not fall within the limited waiver of sovereign immunity under Section 101.021(2), for the same reasons discussed in detail above, we likewise conclude that Brown's TTCA claim against the State does not fall within the TTCA's limited waiver. *See id*. We therefore conclude that the trial court properly granted the plea to the jurisdiction as to the State of Texas.

For all the above reasons, the trial court properly granted the plea to the jurisdiction. Accordingly, we overrule issue one.

9

Having overruled Brown's sole issue, we ***affirm*** the trial court's judgment granting Appellees' plea to the jurisdiction and dismissing Brown's claims with prejudice.

**GREG NEELEY**
Justice

Opinion delivered May 8, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 8, 2024**

**NO. 12-23-00204-CV**

**MELISSA BROWN,**
Appellant
V.
**THE STATE OF TEXAS AND TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 20-0893-C)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, Melissa Brown, for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*