F. E. GROTHAUS, ADMINISTRATOR, v. GEO. WITTE.

No. 6119.

1. **Pleading—Practice—General Denial.**—An administrator *de bonis non* sued an independent executor, alleging an abandonment of the trust and a refusal to pay over or account for moneys collected belonging to the estate. The defendant pleaded a general denial. *Held,* Error to allow testimony to items of payments and expenditures made in due order of administration on part of defendant, in absence of pleading such payments and credits.

2. **Immaterial Testimony.**—The defendant having been called for plaintiff, on cross-examination testified to transactions with the deceased testatrix, the same facts having been proved by other testimony, the error was not material.

3. **Attorney Fees by Executor.**—When an executor sought credit for money paid out for attorney fees and supported the claim by his own testimony, it was error to refuse to the plaintiff the right to cross-examine the defendant upon the necessity for the services and the reasonableness of the charges.

APPEAL from Bexar. Tried below before Hon. Geo. H. Noonan. The opinion gives the facts.

*Minter & Altgelt,* for appellant. — 1.   The general denial of appellee to appellant's petition put the latter upon proof of every material allegation in his pleadings, and permitted appellee to rebut the plaintiff's testimony as well as to disprove appellant's *prima facie* case, but did not authorize proof by appellee that, although he had received the money as charged against him, yet that he was not liable therefor because he had paid it out for the use of the estate during his administration.   Texas Banking and Insurance Co. v. Stone, 49 Texas, 15; Texas M. L. Ins. Co. v. Davidge, 51 Texas, 244; Wheeler v. Wheeler, 65 Texas, 576; Guess v. Lubbock, 5 Texas, 535.

2.   The court erred in permitting the defendant Geo. Witte to testify to transactions with appellant's testatrix.   Rev. Stats., art. 2248; Altgelt, Exrx., v. Brister, 57 Texas, 432; McCampbell v. Henderson, 50 Texas, 613; Donley v. Wiggins, 52 Texas, 303; Heard v. Busby, 61 Texas, 14; Simpson v. Brotherton, 62 Texas, 171; Parks v. Caudle, 58 Texas, 221.

3.   The court erred in holding that the contract for attorney fees made by defendant in behalf of said estate could not be revised by the court.   Portis v. Cole, 11 Texas, 157; Jones v. Lewis, 11 Texas, 363; Greenleaf on Evidence, vol. 1, secs. 445–6; Brown v. Chenoworth, 51 Texas, 469.

*Shook & Dittmar,* for appellee.

HOBBY, JUDGE. — This suit was brought by the appellant, F. E. Grothaus, in the District Court of Bexar County, as the administrator *de bonis non* of the estate of Mrs. Catherine W. Wondraceck, to recover from the appellee, George Witte, the sum of $5570.17, which amount, it is alleged, the appellee collected in his capacity as independent executor of said estate under the will of Mrs. Wondraceck.   It is alleged that appellee abandoned the trust under said will, and as such executor resigned on the 15th day of March, 1886, and refused to pay over or account to appellant, as administrator *de bonis non* of said estate, for said sum, and converted the same to his own use.

Appellee answered on May 27, 1886, by plea to the jurisdiction of the District Court, alleging that the Probate Court of Bexar County had first acquired jurisdiction, and that appellee's account as executor was then pending in said court for consideration, etc., and answered further only by a general denial.

Exceptions to the plea to the jurisdiction and the pendency of appellee's account in the Probate Court were sustained.   A trial was had, resulting in a judgment for the appellee, and this appeal is prosecuted therefrom. The first error assigned is to the action of the court in permitting appellee to prove that as excutor of the estate he had paid out and expended,

for the benefit and use of the estate, with the money collected by him, the current expenses of said estate, expenses of the last illness of the deceased textatrix, and the debts of the estate, and had discharged the money legacies mentioned in the will. The appellee, in his testimony, gave an itemized statement of these payments and expenditures. This is claimed to have been error, because the appellee had pleaded only a general denial. Appellant objected to the proof of these payments and expenditures upon the grounds that "it was not competent nor permissible under a general denial and in the absence of an account filed with said plea distinctly stating the nature of payments, counter-claims, or set-offs." The objection to the evidence was overruled by the court, for the reason that "the statutes requiring a defendant to allege the nature of the payments, counter-claims, or set-offs, and the items thereof, did not apply to the case, and that appellee might prove his defense under the general denial, because appellant had alleged an indebtedness from appellee, and appellee having denied every allegation of plaintiff it was competent on the part of appellee to prove such matters in order to show that he was not indebted as claimed by appellant."

The defense, as made by appellee's proof, was in confession and avoidance of the action brought against him, and was not admissible under the general denial. New affirmative matter of avoidance or defense can not be given in evidence under a general traverse, but must be specially pleaded. Marley v. McAnelly, 17 Texas, 661. The evidence should not have been admitted.

Appellee was allowed to testify that he rendered services to appellant's testatrix for two years next preceding her death, which services were worth $125 per year, and that she had paid him that amount per year except for the two years. That he advanced $50 for her to C..L. Wurzbach for writing her will.

This testimony was objected to by the appellant upon the ground that the witness was not competent to testify to any transactions had with his testatrix. The court below held that the matters testified to by appellee were not statements by or transactions with the deceased.

It is claimed that the testimony is inhibited by article 2248 of the Revised Statutes, which provides in substance that an executor shall not testify to any statement by or transaction with his testator, in a case where judgment may be rendered for or against him, unless called to testify thereto by the opposite party. It appears from the bill of exceptions that this was testified to by appellee upon cross-examination, after having been called to the witness stand by the appellant and questioned by him as to the amount of money he had collected belonging to the estate. In addition to this, it seems that the amount of money paid by appellee to Wurzbach, and the services rendered by appellee as agent to his testatrix for two years preceding her death, as well as the value of these services,

were facts testified to by Wurzbach.    Under these circumstances we do not think the assignment of error well taken.

Appellee in his own behalf in his examination in chief testified to the employment by him of attorneys for the estate; to the payment by him to them of two hundred and fifty dollars, and to the retention by him of two hundred and fifty dollars more to be paid upon the close of the administration, thus claiming a credit of $500.

The appellant offered to cross-examine appellee upon the propriety and necessity of the retainer, the reasonableness of the contract, and the amount of money agreed upon.    This cross-examination was objected to by the appellee because a subsequent administrator could not question the contract made by the executor except upon a charge of fraud; that the contract was binding and could not be revised by the court upon the question of necessity or reasonableness when the contract was express. We are of opinion that the court erred in refusing to allow appellant to cross-examine appellee with reference to the necessity for the employment of attorneys in the management of the estate, and with respect to the reasonableness of the contract and the amount of money agreed upon.

We think it was the right of appellant to cross-examine appellee fully upon any subject about which he had testified in his examination in chief. For the errors mentioned in this opinion we think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 27, 1888.