NO. 12-02-00084-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


BENJIA HILL, WIFE OF CHARLIE HILL, § APPEAL FROM THE 241ST

DECEASED, JOHNNY HILL AND LOIS 

YVONNE BOUCHERT, CHILDREN OF

CHARLIE HILL, DECEASED, AND 


ESTATE OF CHARLIE HILL, DECEASED 

BY AND THROUGH BENJIA HILL, § JUDICIAL DISTRICT COURT OF

APPELLANTS


V.



THE UNIVERSITY OF TEXAS 

HEALTH CENTER AT TYLER, 


APPELLEE § SMITH COUNTY, TEXAS


 

 

 Appellants, Benjia Hill, Johnny Hill, Lois Yvonne Bouchert, and the Estate of Charlie Hill,
deceased, appeal from the trial court's order dismissing their cause of action against the University
of Texas Health Center at Tyler (the "Hospital") for want of jurisdiction. In three issues, they assert
the trial court erred in concluding that the Hospital is immune from suit. We affirm.


Procedural Background

 This is a medical negligence suit arising out of the treatment and care of Charlie Hill while
he was a patient at the Hospital. On June 27, 1990, Mr. Hill was admitted to the Hospital and on
July 9, 1990, he underwent heart surgery. Shortly thereafter, Mr. Hill contracted a surgical incision
infection. He remained hospitalized and was treated for the infection until his death on September
24, 1990. In 1992, Appellants sued the Hospital and others alleging negligence in medical treatment. 
As the Hospital is a governmental entity, it invoked the doctrine of sovereign immunity.

 The Hospital filed a plea to the jurisdiction and motion to dismiss and sever asserting that
Mr. Hill's petition failed to show the Hospital had, pursuant to the Texas Tort Claims Act, waived
its governmental immunity from suit. In 2001, the trial court granted the plea to the jurisdiction,
dismissed the claims against the Hospital, and severed the claims against it from the claims against
the remaining defendants.


Grounds for Waiver of Immunity 

 In their first issue, Appellants assert that the trial court erred in granting the Hospital's plea
to the jurisdiction and dismissing the claims against the Hospital because their petition properly
invoked the trial court's jurisdiction by asserting claims meeting the Tort Claims Act's requirements
for showing waiver of governmental immunity. They contend the petition described claims against
the Hospital based on the use or misuse of tangible personal property. They assert that an item
among the instruments and equipment used during the course of Mr. Hill's surgery was infected and
caused his infection by introducing the infection-causing bacteria into Mr. Hill. Appellants argue
that the trial court inappropriately dismissed their suit on jurisdictional grounds based on the
Hospital's argument that its negligence did not cause Mr. Hill's infection. Such an argument, they
assert, improperly requires them to prove the causation element of their claim, when all they are
required to do is allege a causal connection between the use of the property and the injury.

 In their second issue, Appellants assert the trial court improperly dismissed their claims based
on the condition of tangible personal property because tangible personal property used to operate on
Mr. Hill was contaminated with bacteria. They assert that the bacterial contamination of the
instruments and equipment used in the operating room rendered these instruments and equipment
inadequate and this inadequacy was a condition that injured Mr. Hill.

 In their third issue, Appellants contend the trial court erred in dismissing their claims against
the Hospital based on the use of and condition of real property, specifically, the operating room. 
They argue that the operating room was contaminated by infectious bacteria, that use of that room
was the proximate cause of Mr. Hill's infection and, alternatively, that the contamination constitutes
a condition on the property which caused harm.




Applicable Law

 Sovereign immunity is an affirmative defense that must be pleaded and proved. Davis v. City
of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). Immunity from suit bars an action against the
State unless the State expressly consents to the suit. Texas Dep't of Trans. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999). Since as early as 1847, the law in Texas has been that, absent the State's consent
to suit, a trial court lacks subject matter jurisdiction. Id. The absence of subject matter jurisdiction
may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion
for summary judgment. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Because
subject matter jurisdiction presents a question of law, we review the trial court's decision to grant
a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). 

 In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to
the jurisdictional issue. Texas Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). 
Further, the trial court must consider evidence when necessary to resolve the jurisdictional issues
raised. Blue, 34 S.W.3d at 555. Because a court must not act without determining that it has subject
matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before
proceeding with the case. Id. at 554. Whether a determination of subject matter jurisdiction can be
made in a preliminary hearing or should await a fuller development of the merits of the case must
be left largely to the trial court's sound exercise of discretion. Id. The party suing the governmental
entity must establish the State's consent, which may be alleged either by reference to a statute or to
express legislative permission. Jones, 8 S.W.3d at 638. In considering the jurisdictional allegations
contained in a petition, they are to be construed liberally in the plaintiff's favor. Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 

 The Tort Claims Act (the "Act") provides a limited waiver of sovereign immunity when
personal injury is "caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant according to Texas law." 
Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 1997). To sue the State for a tort, the
pleadings must state a claim under the Act. Jones, 8 S.W.3d at 639. Mere reference to the Act is
not enough. Miller, 51 S.W.3d at 587. We must look to the terms of the Act, considered together
with the particular facts of the case, to determine if immunity has been waived. Id. "Use" means
"to put or bring into action or service; to employ for or apply to a given purpose." Id. at 588. Claims
involving the failure to use, or the non-use of property, are not within the waiver of sovereign
immunity. Id. at 587-88. Further, information does not constitute tangible personal property and
the State has not waived governmental immunity for negligence involving the use, misuse, or nonuse
of information. University of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994). 

 Under the Act, for immunity to be waived, personal injury must be proximately caused by
the condition or use of tangible property. Dallas County Mental Health and Mental Retardation
v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause injury if it does no more than
furnish the condition that makes the injury possible. Id. The requirement of causation is more than
mere involvement; otherwise the waiver of immunity would be virtually unlimited. Id. To establish
that immunity has been waived, a plaintiff must allege a cause of action in which the tangible
property is the instrumentality of the harm. Id. at 342; Baston v. City of Port Isabel, 49 S.W.3d 425,
429 n.4 (Tex. App.-Corpus Christi 2001, pet. denied).

 We must recognize that the Legislature intended the waiver in the Act to be limited. Bossley,
968 S.W.2d at 341. "Arguments for applications of the Act that would essentially result in its waiver
becoming absolute must therefore be rejected as contrary to the Act's fundamental purpose." Id. at
342. Further, while the trial court may now consider evidence on the issue of jurisdiction, the trial
court is not to assess the merits of the underlying cause of action when determining the jurisdictional
issue. See Blue, 34 S.W.3d at 554.

 

The Petition

 In paragraph VII of Appellants' petition, they assert that their suit is brought against the
Hospital pursuant to the Texas Tort Claims Act, and allege that Mr. Hill's personal injuries were
caused by a condition or use of tangible personal or real property. They further allege that if the
Hospital were a private party, it would be liable to Appellants according to Texas law. In paragraph
X, Appellants allege that Mr. Hill's injury was a direct and/or proximate result of the negligence of
the agents, representatives and/or employees of the Hospital. They further assert that, at all relevant
times, the Hospital owed Appellants a duty to use the skill and care which was ordinarily used by
a reasonably prudent person and/or reasonably prudent health care provider in similar cases and
under similar circumstances. In paragraph XI, they allege the Hospital, by and through acts and
omissions, failed to treat Mr. Hill in a manner consistent with the accepted standard of care for
patients, thereby breaching duties owed to him. 

 Paragraph XIV is entitled "Plaintiffs' Claims Against Defendant, the University of Texas
Health Center at Tyler, Based on Use of Tangible Personal Property or Real Property." Paragraph
XV is entitled "Plaintiffs' Claims Against Defendant, The University of Texas Health Center at
Tyler, Based on Misuse of Tangible Personal Property or Real Property." Under these paragraphs,
Appellants allege that the acts and omissions of the Hospital were a proximate cause of Mr. Hill's
injuries (1) in the use and misuse of real property, being the operating room and surgery area for
cardiac patients; (2) in the use and misuse of twenty-one named items of tangible personal property
in the operating room and surgery area, as well as all attachments and related equipment; (3) in the
use and misuse of twenty-one named items of tangible personal property referred to in the Operative
Record; (4) in the use and misuse of items of tangible personal property referred to and described
in records attached as exhibits to the petition; and (5) in the use and misuse of antibiotics, gloves,
masks, gauze, dressings and dressing solutions to treat the infection. 


Plea to the Jurisdiction

 The Hospital filed a plea to the jurisdiction and motion to dismiss and sever based on
entitlement to sovereign immunity under the Texas Tort Claims Act. It asserted that Appellants
failed to state a claim based on a condition or use of property. Rather, it argued, Appellants simply
asserted that Mr. Hill contracted an infection subsequent to surgery and Appellants point to an
exhaustive list of operating room materials as potential culprits. Asserting that Mr. Hill was not
physically injured by the equipment provided by the Hospital in terms of its operative use, the
Hospital argued that failure to use, failure to act, or non-use claims do not satisfy the use-of-property
requirement. The Hospital further asserted that Appellants failed to establish that any negligence
on the part of any of its employees was the proximate cause of Mr. Hill's injuries. The Hospital
disagreed with Appellants' assertion that use of one or more of the named surgical instruments is the
proximate cause of Mr. Hill's infection because property does not cause injury if it does no more
than furnish the condition that makes the injury possible. 

 The Hospital contended that Appellants have not established what, if any, piece of equipment
caused Mr. Hill's infection. Further, the Hospital argued that Appellants' allegation that allowing
nurse Ellen Thompson, who eventually cultured positive for the same bacterium as Mr. Hill, to work
in the operating room does not amount to a use of property under the Act. Finally, regarding
Appellants' allegation that the Hospital was negligent in not following infection control policies, the
Hospital asserted that information is not tangible personal or real property and, therefore, sovereign
immunity is not waived by using, misusing, or not using information. The plea was supported by
affidavits of three defendant nurses and portions of the deposition of Appellants' expert.

 The Hospital presented the affidavits of Ellen Thompson, a staff nurse in the surgery
department, Pat Gee, operating room charge nurse, and Odelia Peters, a nurse, Director of the
Operating Room, and member of the Infection Control Committee. Ms. Peters stated that Hospital
policies for infection control were in compliance with community standards. Explaining that there
were no visible indicia of infection on Ms. Thompson's person, both Ms. Peters and Ms. Gee denied
being aware that Ms. Thompson had a skin infection. Ms. Gee stated that Hospital policies and
procedures were in compliance with established guidelines. Ms. Thompson explained that, at the
time of Mr. Hill's surgery, she had no evidence of or any reason to believe she had any of the
infection-causing bacteria on her body. Prior to surgery, she scrubbed completely from hands to
elbows with iodine and/or betadine and an antibiotic cleanser. She wore scrubs at all times, covered
her hair, wore a mask, and covered her shoes. She was only briefly in the surgical suite, never
invaded the sterile field during surgery, and had no physical contact with Mr. Hill.

 The Hospital also presented portions of the deposition of Appellants' expert, Dr. Zaki A.
Sheikh. Dr. Sheikh testified that infections can be incurred by patients despite the surgeons and all
operating room personnel following the standard of care in sterile technique. He also explained that
a patient can have bacteria on his body that could cause him to have an infection. Additionally, he
testified that it is possible to get an infection either at the time of surgery or at a later date. When
asked if diptheroid, a bacterium, can be found commonly on skin without an infection, he answered,
"Probably." He agreed that if Ms. Thompson tested positive for diptheroid three weeks after Mr.
Hill's surgery, it is possible that she developed it sometime within that three-week period.

Appellants' Response

 Along with their response to the plea to the jurisdiction, Appellants filed Dr. Sheikh's
affidavit. Dr. Sheikh explained that Ms. Thompson was tested and found to have on her hands a
bacterium which was the same type as that involved in Mr. Hill's infection. He averred that the
conduct of the individual defendants fell below the standards of practice and duty in the community
for control and prevention of infection in the operating room. He stated that the defendants
committed negligent acts and omissions in their care of Mr. Hill, and caused injury to him by failing
to have and enforce a policy regarding the control and prevention of infection and by failing to train
and instruct personnel how to perform their duties without infecting patients.


Discussion

 The Hospital's immunity is waived if Appellants' pleadings and the evidence before the trial
court show that Mr. Hill's injury, the post-surgery infection, was caused by a condition of, or the
Hospital's use or misuse of, personal or real property. In paragraph VII of Appellants' pleadings,
they invoked the Act by setting out the requirements of section 101.021(2). But such a reference is
not sufficient to state a claim under the Act. Miller, 51 S.W.3d at 586. Paragraphs XIV and XV
again make bare assertions that the Hospital's use and misuse of personal and real property caused
Mr. Hill's injuries. The petition names the operating room and surgical area, lists forty-eight items,
and refers to countless others, alleging that the room and all of these items were used and that use
of the room and all of these items was a proximate cause of Mr. Hill's injuries. The allegations in
the petition, however, do not include a description of any defective condition, any explanation of
how the room or any of the items were used, by whom, in what way any specific item was
negligently used or misused, or in what way any one of the items caused the infection. Because of
its generality, the petition does not establish that immunity has been waived under the "condition"
or "use" of personal or real property provisions of the Act. We now consider the jurisdictional
evidence before the trial court to determine if immunity was waived.

 In his affidavit, Dr. Sheikh provides insight into Appellants' theory of causation explaining
that Ms. Thompson suffered from the same infection as Mr. Hill. He contends the defendants were
negligent and caused Mr. Hill's injury by failing to have and enforce a policy for controlling and
preventing infection and by failing to train and instruct personnel in proper infection control
methods. The affidavits of the three nurses attempt to rebut Appellants' theory that Ms. Thompson
had a skin infection at the time of Mr. Hill's surgery and that she infected him. At the same time,
they attempt to show that they followed proper procedures for infection control. The Hospital also
attempts to call Appellants' theory into doubt by Dr. Sheikh's deposition testimony that infections
can happen even when the standard of care is followed and that the patient can infect himself.

 Although Dr. Sheikh's affidavit presents Appellants' theory of causation, it falls short of
explaining what piece of tangible personal or real property Ms. Thompson, or anyone on behalf of
the Hospital, used or misused, or how she did so. The mere allegation that a Hospital employee used
or misused some item on Appellants' list is insufficient. Without proof that a specific act or item
of property contributed to the injury, there can be no proximate cause. See Ager v. Wichita Gen.
Hosp., 977 S.W.2d 658, 662 (Tex. App.- Fort Worth 1998, no pet.). Even assuming Ms. Thompson
was infected at the time of Mr. Hill's surgery, which is not shown by the record, she is not herself
tangible personal or real property. Appellants have not submitted evidence that any specific piece
of tangible property was actually in a contaminated condition which was the probable cause of Mr.
Hill's injuries. 

 Appellants argue that the Hospital's interpretation of applicable law improperly requires them
to prove the causation element of their cause of action. However, when discussing the Act's
requirement to show causation in order to show waiver, the cases discuss evidence of such causation. 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2); Bossley, 968 S.W.2d at 343. Appellants
assert that a plaintiff is merely required to allege that a causal connection exists between the use of
the property and the injury. However, the law requires more when the jurisdiction of the trial court
is challenged. If, as Appellants assert, a plaintiff were merely required to allege that a causal
connection exists between the use of the property and the injury, the result would be contrary to
legislative intent. Such an interpretation of the law would result in automatic waiver of sovereign
immunity, making waiver the norm. This is contrary to the Act's fundamental purpose of limiting
waiver. Id. at 342. 

 To the extent Appellants contend the Hospital failed to use proper sterilization techniques,
that contention falls into the category of non-use of property which is not within the waiver of
sovereign immunity. Miller, 51 S.W.3d at 587. Appellants' argument that the Hospital was
negligent in failing to implement and enforce a policy for controlling and preventing infection
involves misuse of information. Such claims do not involve tangible personal or real property and
do not invoke waiver of sovereign immunity. York, 871 S.W.2d at 179. Appellants' argument that
the hospital was negligent in failing to properly train personnel does not invoke waiver as such
failures in conduct do not involve the use of tangible personal or real property. See Texas Dep't of
Pub. Safety v. Petta, 44 S.W.3d 575, 581 (Tex. 2001). Further, to the extent Appellants allege that
some unspecified item on their list was unsterile or contaminated and led to Mr. Hill's infection, we
disagree that "condition" is such as is contemplated by the Act. This argument in actuality is that
the item merely furnished the condition that made the injury possible and is insufficient to meet the
causation requirement for immunity to be waived. Bossley, 968 S.W.2d at 343.


Conclusion

 Based on the record before us, exactly how Mr. Hill became infected, or through what
condition, or the use or misuse of what item of personal or real property caused the infection, is all
conjecture. Thus, Appellants ask the court to assume causation. Appellants have not shown what
tangible property was the "instrumentality of the harm." See id. at 342. In sum, Appellants'
arguments are not supported by the factual allegations in the pleadings or extrinsic evidence in the
record. We overrule issues one, two, and three.

 We affirm the trial court's order of dismissal.


 JIM WORTHEN 

 Justice




Opinion delivered October 9, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.

Gohmert, Jr., Louis, C. J., concurring.


 I concur in the result of the majority opinion because it is consistent with the latest, highest
authority. However, it bears noting that opinions such as that expressed in Brannon v. Pacific
Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466, 469 (1949) and others including Fireman's
Insurance Co. v. Board of Regents, 909 S.W.2d 540 (Tex. App.- Austin 1995, writ denied) were
well conceived and logically written when stating that in a plea to the jurisdiction, the trial court
must ordinarily base its decision solely on the pleadings. In Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000), the supreme court disapproved the language in the Fireman's
Insurance Co. case to the extent it, and its cited precedent, limited a trial court's consideration to
the pleadings in deciding a plea to the jurisdiction. Citing a damage issue, the Bland decision
attempted to distinguish its well reasoned opinion in the Brannon case from that of the logical
follow up in Fireman's, a case in which the highest court felt comfortable enough to deny the 1995
application for writ.


 Consideration of evidence in pleas to the jurisdiction, as is apparently now authorized in
many situations, confuses the law by merging pleas to the jurisdiction into motions for summary
judgment. As appellate courts, we should endeavor to make the law consistent and logical. Bleeding
one legal concept into another can slowly bleed the life out of the law. At a time when lawyers and
laymen alike are yearning for clarity in law, graying areas that once were acutely clear is not helpful.


 Requiring a litigant to, in effect, prove himself worthy of being in court with evidence on a
plea to the jurisdiction confounds the notion of open courts. Though it would seem more
appropriately addressed as a no-evidence summary judgment matter, evidentiary justification for
being in court is now apparently required in a scenario as is before us. In the present case, a
summary judgment motion and ruling thereon would certainly have been understandable after nine
years of litigation without a trial. 


 In another vein, when pleadings lack clarity or specificity, special exceptions are available. 
Special exceptions might have been anticipated in this case years ago as some of the allegations of
Appellants are obscure, general, or insufficient on their face. Others do not involve an exception to
sovereign immunity. Some may. However, this case involves the ruling on a plea to the jurisdiction. 
Were this a ruling on a summary judgment, there would have been no concurring opinion, but rather
one unanimous opinion in this case. 


 Nonetheless, the learned trial court followed, as required of it as well as our court, the ruling
in Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Until such time as the law may
be modified again by the court above, we must affirm. 



 LOUIS B. GOHMERT, JR. 

 Chief Justice







(DO NOT PUBLISH)