

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00065-CV

**ARTURO SOLIS,**

                                    **Appellant**

 **v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

                                    **Appellee**

### From the 52nd District Court
### Coryell County, Texas
### Trial Court No. C10-07-37258

## MEMORANDUM OPINION

Arturo Solis appeals the trial court's granting the Texas Department of Criminal Justice – Institutional Division's plea to the jurisdiction and dismissing his lawsuit with prejudice against refiling. Solis filed suit against TDCJ pursuant to the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.021(2) (Vernon 2005). Solis contended that an employee at the prison gave him a contaminated razor with which he was forced to use to shave, resulting in his contracting at least two illnesses, hepatitis C and herpes. TDCJ filed a plea to the jurisdiction and motion to dismiss based on sovereign immunity. Because we find that the trial court did not err in granting the

plea to the jurisdiction and dismissing with prejudice to refiling, we affirm the judgment of the trial court.

*Waiver of Sovereign Immunity*

Solis complains that the trial court abused its discretion in dismissing his case for failure to establish a waiver of sovereign immunity in his pleadings. "Absent an express waiver of its sovereign immunity, the State is generally immune from suit." *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). That immunity deprives the courts of subject matter jurisdiction over suits against the state or its subdivisions. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006). Because subject matter jurisdiction presents a question of law, we review the trial court's decision to grant a plea to the jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). The party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Texas Dep't of Trans. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). In considering the jurisdictional allegations contained in a petition, they are to be construed liberally in the plaintiff's favor. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The Texas Tort Claims Act provides a limited waiver of sovereign immunity when personal injury is "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the

claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 2005). To sue the State for a tort, the pleadings must state a claim under the Act. *Jones*, 8 S.W.3d at 639.

*Condition*

A governmental unit may waive immunity under the "condition" of tangible personal property portion of section 101.021(2) if it provides equipment that is defective because it lacks an integral safety component. *See, e.g.*, *Robinson v. Cent. Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex. 1989) (swimming attire provided by state not containing life preserver lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex. 1976) (football uniform provided by university without knee brace lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528, 529 (Tex. 1975) (hospital bed provided by hospital without bed rails lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Hampton v. Univ. of Tex.--M.D. Anderson Cancer Ctr.*, 6 S.W.3d 627, 631 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (hospital bed provided by hospital with bed rails that were not activated by hospital lacked integral safety component, and this condition of tangible personal property triggered waiver of immunity); *Tex. Dep't of MHMR v. McClain*, 947 S.W.2d 694, 697 (Tex. App.—Austin 1997, writ denied) (lockers and wheelchair provided by hospital lacked integral safety component, and these conditions of tangible personal property triggered waiver of immunity); *McBride v. Tex. Dep't of Criminal*

*Justice*, 964 S.W.2d 18, 22 (Tex. App.—Tyler 1997, no pet.) (barrel provided by prison without handles lacked integral safety component, and this condition of tangible personal property triggered a waiver of immunity). Solis makes no contention in his pleadings that there was any integral safety component missing from the contaminated razor.

Further, to the extent Solis alleges that the razor was unsterile or contaminated and led to his illnesses, we disagree that "condition" is such as is contemplated by the Act. This argument in actuality is that the item merely furnished the condition that made the injury possible and is insufficient to meet the causation requirement for immunity to be waived. *McClain v. Univ. of Tex. Health Ctr.*, 119 S.W.3d 4, 10-11 (*citing Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)).

*Use*

"Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). "A governmental unit does not 'use' personal property merely by allowing someone else to use it and nothing more. If all 'use' meant were 'to make available,' the statutory restriction would have very little force." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004); *see Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580, 583 (Tex. 2005). The act of providing Solis with a razor to use to shave did not constitute a use of that property within the meaning of Civil Practice and Remedies Code Section 101.021. *Johnson v. Johnson County*, 251 S.W.3d 107, 111 (Tex. App.—Waco 2008, pet. denied).

Additionally, claims involving the failure to use, or the non-use of property, are not within the waiver of sovereign immunity. *Miller*, 51 S.W.3d at 587-88. The substance of Solis's argument is that TDCJ failed to properly decontaminate the razors and the area surrounding where the razors were kept. These types of allegations are not actionable under the Act. *See McClain v. Univ. of Tex. Health Ctr.*, 119 S.W.3d 4, 10 (Tex. App.—Tyler 2002, pet. denied) (holding plaintiff's claims that hospital negligently failed to use proper sterilization techniques not actionable under the Act); *see also Miller*, 51 S.W.3d at 587 (holding that claims involving failure to use property are not within Act's sovereign immunity waiver). We overrule Solis's issue one.

*Dismissal with Prejudice*

Solis complains that the trial court abused its discretion by not allowing him the opportunity to amend his pleadings rather than dismissing his case and that it was an abuse of discretion to dismiss the case with prejudice to refiling. Ordinarily, when a jurisdictional defect can be remedied in an amended pleading, dismissal with prejudice is improper. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). However, when a reasonable opportunity to amend a pleading is afforded, but the amended pleading still does not allege facts that would constitute a waiver of immunity, the trial court should dismiss the case with prejudice. *Id*.

In this case, the plea to the jurisdiction and motion to dismiss was filed more than eight months prior to the hearing date. Solis filed a written response to the plea within six weeks after the plea was filed. Solis amended his petition on the day of the hearing of the plea to the jurisdiction. The trial court allowed Solis the opportunity to

be present and to present evidence or argument against granting the plea to the jurisdiction at the hearing. The order was not signed until a week after the hearing to give Solis further opportunity to explain why his case should not be dismissed. Solis had a reasonable opportunity to and did amend his pleadings; however, he still did not allege facts that would constitute a waiver of immunity. The trial court did not abuse its discretion in not allowing Solis the opportunity to amend his pleadings again or in granting the plea to the jurisdiction with prejudice to refiling. We overrule Solis's issues two and three.

*Conclusion*

We find that the trial court did not abuse its discretion in granting the plea to the jurisdiction and dismissing with prejudice. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed December 2, 2009
[CV06]